53 CCPA

**Application of John C. CHUPA.**

**Patent Appeal No. 7640.**

United States Court of Customs and Patent Appeals.

May 12, 1966.

Albert L. Ely, Jr., Cleveland, Ohio, Francis D. Thomas, Jr., Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

This appeal from a decision of the Board of Appeals affirming the rejection of appealed claims[1] 2–5, 7 and 8 raises an issue under 35 U.S.C. § 103.

The art of record on which the examiner concluded the claimed invention was obvious is as follows:

| | | |
|---|---|---|
| Tipton | 2,760,775 | Aug. 28, 1956 |
| Fenton | 2,387,433 | Oct. 23, 1945 |
| De Laney et al. | | |
| [De Laney] | 2,065,121 | Dec. 22, 1936 |

The appealed claims were considered together by the parties and we shall do likewise. We do not find it necessary to consider the Tipton reference.

Appellant's invention relates to a valve for an inflatable article, such as a basketball. The valve consists of a hollow housing and a resilient plug. The invention is defined in appealed claim 7 as follows:

7. A valve for an inflatable article comprising a relatively stiff hollow housing having a substantially closed end and at least a partially open, opposite end, said housing defining a plug-retaining chamber, and a resilient plug constrained within said chamber under axial and radial compression, said plug having an uncompressed diameter and length greater than the inner diameter and length of said chamber.

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

[1] In application Ser. No. 852,642, filed Nov. 13, 1959. No claims are allowed.

In inflating the article, a hollow needle pierces the plug along the axis of the plug and air is pumped into the article through the needle. Upon withdrawal of the needle, the specification states that sealing is accomplished as follows:

> The design of the housing and plug is such that when the inflating needle is withdrawn from the plug, the natural resiliency of the rubber, together with the constraining force effectuated by the housing and internal air pressure in the article, will seal the plug against escape of air. To this end, the body * * * of the rubber plug is given a length and diameter greater than that of the interior of the housing so that the assembled plug will be placed in a constant state of compression. The force fit of the plug within the housing also serves to retain the plug without danger of being accidentally dislodged.

Appellant agrees that his invention relates to a developed art. He also agrees that the art relied upon by the examiner discloses all of the elements of his invention save one. Appellant explains in his brief:

> The structural distinction of appellant's valve from conventional mechanical valves is, as initially disclosed * * and recited in all the claims on appeal * * * that the uncompressed length and diameter of the plug are greater than the length and diameter of the chamber provided by the housing, so that the plug is confined under both axial and radial compression. * * *

The board reasoned that the "structural distinction" relied on by appellant is disclosed in Fenton and the claimed subject matter as a whole was obvious in view of the prior art references of record. Appellant takes exception to this position and argues:

> * * * Fenton had no concept of subjecting his * * * [plug] to any substantial radial pressure in addition to slight axial pressure * * * and, thus, * * * his disclosure would in no way suggest to those skilled in the art that application of such combined pressures to a plug would provide both the effectiveness of a liquid seal and the relative permanence of a mechanical seal * * *.

In view of appellant's arguments, we shall first determine, as a factual matter, what Fenton fairly discloses before considering whether the subject matter is non-obvious when evaluated according to the conditions specified in 35 U.S.C. § 103. Fenton discloses a valve for inflatable articles which includes a plug and a hollow chamber. Fenton provides, in pertinent part, as follows:

> * * * [The] tapered plug * * * [is] of soft vulcanized rubber, and of substantially the same shape as [the] chamber * * * but slightly larger so as to be receivable therein against inherent resiliency or elasticity of the wall of [the housing] * * *. A reduced portion * * * of [the] plug * * * provides a shoulder * * * to be yieldingly receivable under corresponding shoulder portions * * * in the chamber, said reduced portion * * * being adapted to extend outwardly a short distance through [the] opening * * *. Thus the plug is adapted to be forced into the chamber * * * and to be held therein by said resiliency of the expanded wall thereof and the interengaging shoulder portions * * * of [the] plug * * * [and the housing] respectively. * * *

A hollow needle pierces the plug along its axis when inflating the article.

Fenton discloses that the housing may be made of "vulcanized rubber" and the plug of "soft vulcanized rubber." Also, the internal pressure and the housing wall cooperate to act on the "compressive resiliency of the soft-rubber plug" to achieve self-sealing of the pierced hole in the plug upon the withdrawal of the inflating needle.

We think it is factually clear that the housing wall *and* shoulder portions of Fenton cooperate with the internal pressure so that the tapered plug is confined under both axial and radial compression.

We also think that the tapered plug is held in a compressive state, axial and radially, by virtue of the housing wall and shoulder portions. Our conclusions find additional support in appellant's arguments, quoted supra, wherein appellant agrees that Fenton's plug is subjected to *some* radial and axial compression.

We may now determine whether the claimed subject matter is obvious within the meaning of 35 U.S.C. § 103. None of the references here disclose appellant's identical device nor do they collectively disclose the exact structure set forth in the specification as defined by the appealed claims. Fenton discloses a tapered plug while appellant's plug has two cylindrical portions. De Laney's plug is also composed of cylindrical portions. Both appellant and Fenton disclose that the plug is softer than the housing.

The question thus is whether, considering the differences, appellant's invention as a whole would have been obvious to one of ordinary skill in the art under the conditions set forth in 35 U.S.C. § 103. While appellant's arguments here emphasize the structural difference between his cylindrical type plug as shown and Fenton's tapered type plug as providing an advantage in sealing based on the axial and radial compression inherent in each configuration, it is noted that some of the appealed claims are not limited to a cylindrical type plug. In addition, the board found no evidence of record to support a finding that appellant's valve provided any "new results or significant advantages" over the prior art.[2]

Absent evidence upon which to base a conclusion of unobviousness, we agree with the board that the invention as claimed does not meet the conditions of patentability specified in 35 U.S.C. § 103.

The decision of the board is affirmed.

Affirmed.

---

2. The board's comment was apparently directed to the absence of evidence that the combination as claimed distinguished itself in some manner from Fenton's valve which disclosed some axial and radial compression acting on the plug and which is disclosed as being tapered to facilitate removal.